# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LATRICE MESHELL JOHNSON,**

        Plaintiff,

    **-vs-**                                **Case No. 14-C-1159**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration,**

        Defendant.

---

## DECISION AND ORDER

---

Latrice Meshell Johnson appeals the Acting Commissioner's denial of her application for social security disability benefits. For the reasons that follow, this matter will be remanded for a rehearing.

The Administrative Law Judge found that Johnson suffers from the following severe impairments: diverticulitis, fibromyalgia, depression, and anxiety. The ALJ further found that Johnson has the residual functional capacity to perform a full range of work at all exertional levels with no more than occasional crouching or stooping. In addition, the ALJ's RFC determination limited Johnson to routine two to three step tasks that allow for being off task up to ten percent of the workday in addition to regularly scheduled breaks, do not require fast paced production and involve few, if any, workplace adjustments or changes. At step 4, the ALJ found that Johnson

could perform her past work as a cook helper. Alternatively, at step 5, the ALJ found Johnson could perform a variety of representative occupations: general assembler, packing/hand packager, housekeeper/custodian; and bench assembler.

To uphold the denial of benefits, the ALJ's decision must be supported by substantial evidence, untainted by an erroneous credibility finding. *Engstrand v. Colvin*, --- F.3d ----, 2015 WL 3505585, at *4 (7th Cir. June 4, 2015). Courts defer to a credibility finding that is not patently wrong, but the ALJ "still must competently explain an adverse-credibility finding with specific reasons 'supported by the record.'" *Id.* (quoting *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004).

Johnson argues, and the Court agrees, that the ALJ's credibility finding is deficient. The ALJ wrote that Johnson's "numerous inconsistent and/or exaggerated symptoms undermine her credibility and allegations of disabling symptoms." R. 23. The ALJ then noted a series of discrepancies in the record including, for example, that Johnson "reported that she can only pay attention for one to two minutes, but displayed normal attention span during examination;" that she "stated that she can only stand for two to three minutes at [a] time, but is noted to walk daily, including ten miles in one day,

- 2 -

and is working as a cashier, requiring standing for periods of up to 4 hours;" and that "she indicated that she does not prepare her own meals and does no cleaning, yet treatment records document her preparing a 'huge' Sunday meal and cleaning the house." *Id.* However, the ALJ did not attempt to resolve these inconsistencies — e.g., by asking how often she made the "huge Sunday meal," how long it took to make the meal, and whether she had any help making the meal. Therefore, the ALJ's credibility determination is not supported by substantial evidence. *See, e.g., Murphy v. Colvin*, 759 F.3d 811, 817 (7th Cir. 2014) ("we cannot assess the validity of the ALJ's determination because the record is devoid of information that might support her assessment and the ALJ did not ask follow-up questions that might prove insightful").

Next, Johnson argues that the ALJ failed to properly evaluate the following severe impairments at step two of the sequential evaluation process: rheumatoid arthritis, neuropathic pain, and obesity. Once again, the Court agrees. For example, the ALJ acknowledged that Johnson's Body Mass Index exceeds 45, indicating level three (extreme) obesity. However, SSR 02-1p requires the ALJ to "consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity." The ALJ incorporated a "crouching or stooping" limitation in the RFC, but failed to explain how this limitation accounts or compensates for

- 3 -

extreme obesity. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008) (ALJ "must provide an 'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled, …").

The ALJ's RFC finding was also faulty because it fails to account for Johnson's moderate limitation in concentration, persistence, or pace. R. 20. The Seventh Circuit has repeatedly explained that "employing terms like 'simple repetitive tasks,'" as the ALJ did here, "will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace" because the "ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010); *see also Yurt v. Colvin*, 759 F.3d 811, 820 (7th Cir. 2014) ("we have repeatedly rejected the notion that a hypothetical like the one here confining the claimant to simple, routine tasks and limited interactions with others adequately captures the temperamental deficiencies and limitations in concentration, persistence, and pace"). This failure infects the ALJ's finding that Johnson could perform past relevant work *and* other work that exists in significant numbers in the national economy (steps 4 and 5).

Finally, even if the RFC was correctly formulated, the ALJ erred at steps 4 and 5 because Johnson's past relevant work and other relevant jobs require more than three steps, *see, e.g., Dictionary of Occupational Titles*

- 4 -

(DOT) 318.687-010 (KITCHEN HELPER (hotel & rest.) alternate titles: cookee; cook helper; kitchen hand; ...); DOT 706.684-022 (ASSEMBLER, SMALL PRODUCTS I), whereas the ALJ expressly limited Johnson to two to three step tasks.

For all of the foregoing reasons, the Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four). The Court suggests, as requested by the plaintiff, that this matter be assigned to a different ALJ on remand. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2015.

SO ORDERED:

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**